IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:18-683-HMH |
| ) | CV No. 6:24-5318-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Kendrick Omar Cobb, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Kendrick Omar Cobb's ("Cobb") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons below, the court denies Cobb's motion.

**I. BACKGROUND**

On July 10, 2018, Cobb was charged in a one count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 2.) On April 28, 2021, after a jury trial, Cobb was found guilty. Cobb was sentenced to 115 months' imprisonment on September 23, 2021. (J., ECF No. 103.) Cobb filed a timely appeal, and on May 11, 2023, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. United States v. Cobb, No. 21-4538, 2023 WL 3378978 (4th Cir. May 11, 2023) (unpublished). On June 2, 2023, the Fourth Circuit issued its mandate.

On September 26, 2024, the court received the instant § 2255 motion. (2255 Mot., ECF No. 124.) The motion is dated August 20, 2024. However, the postmark reflects a September date although the exact date is unclear.[1] In his motion, Cobb raises an ineffective assistance of counsel claim. After being ordered to respond, the Government filed its response and a motion

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

for summary judgment on October 4, 2024. (Mot. Summ. J., ECF No. 127; Resp. Opp'n, ECF No. 126.) The court issued a Roseboro order ordering Cobb to respond by November 11, 2024. (Roseboro Order, ECF No. 128.) To date, Cobb has filed no response. This matter is now ripe for review.

## II. Legal Standard

The Government alleges that Cobb's motion is untimely and that equitable tolling does not apply. (Gov't Resp., generally, ECF No. 126.) Under 28 U.S.C. § 2255(f), a movant has one year to seek post-conviction relief. This one-year limitations period begins to run from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Of these four triggering dates, only § 2255(f)(1) is relevant here. "Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). "The issuance of the appellate court mandate [is not] the triggering date. For the purpose of starting the clock on § 2255's one-year limitation period, . . . , a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Id. at 524-25. The

Fourth Circuit judgment was entered on May 11, 2023. [2] Fed. R. App. P. 36; United States v. Cobb, 21-4538 (4th Cir. May 11, 2023) (J. Order, ECF No. 55). Cobb did not file a petition for writ of certiorari. Thus, finality attached ninety days later, on August 9, 2023, the last day that Cobb had to file a timely petition for writ of certiorari with the United States Supreme Court. See S. Ct. R. 13 (Petition for Writ of Certiorari must be filed within 90 days after entry of judgment). Using that date as the starting point, the one-year limitations period under § 2255(f) expired on August 9, 2024. Cobb, however, did not file the instant motion until sometime in September based on the postmark date. Further, even accepting the date on the motion, August 20, 2024, it is untimely[3] unless equitable tolling applies. (§ 2255 Mot. 8, ECF No. 124.)

Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period

---

[2] Accompanying the Fourth Circuit's May 11, 2023 judgment order was a "NOTICE OF JUDGMENT" that informed Cobb that judgment was entered on May 11, 2023, and further that:

> [t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. See Rule 13 of the Rules of the Supreme Court of the United States; www.supremecourt.gov.

(United States v. Cobb, 21-4538 (Not. J., ECF No. 55-1).) The court may take judicial notice of the judgment order and notice of judgment, which is part of the appellate court record. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks and brackets omitted)).

[3] The Government argues that Cobb's motion is untimely. However, the Government incorrectly utilizes the date of the mandate, June 2, 2023, as the operative date for entry of the judgment and thus, incorrectly alleges that the statute of limitations expired on August 31, 2024. (Gov't Resp. 3, ECF No. 126.)

against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  For equitable tolling to apply, Cobb must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Cobb generally alleges that "the experience of several 'institutional lockdowns'" hindered his ability to file a supporting memorandum with his motion.  (2255, Mot. 7, ECF No. 127.) However, nothing in the record suggests that Cobb was diligent in pursuing his claims or that any extraordinary circumstances prevented him from filing a timely motion.  Thus, equitable tolling does not apply to excuse his untimeliness.

For the reasons stated above, the court **GRANTS** the Government' motion for summary judgment, docket number 127, and **DENIES** Cobb's § 2255 motion, docket number 124.  The court declines to issue a certificate of appealability because Cobb has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 3, 2024

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5